[Civ. No. 9100.   Second Appellate District, Division Two.—March 26, 1934.]

In the Matter of the Estate of CHARLES W. BAIN, Deceased. FRED H. BAIN, as Executor, etc., Appellant, v. HAROLD K. DUDLEY, as Executor, etc., Respondent.

Blackstock & Rogers, Merle J. Rogers and Victor J. Miller for Appellant.

Thomas Gould, Jr., for Respondent.

CRAIG, J.—This is an appeal from an order setting apart a probate homestead. During the lifetime of Charles W. Bain he executed a will. Anna Bain, his wife, at the same time executed an agreement witnessed by the same witnesses as the will and termed "Consent of Wife". By this consent she accepted and acquiesced in the provisions of the will and waived all claim to share in the community property and "any and all claims". After the death of the testator his will, by the terms of which he devised to his widow a life estate in the property in question, was probated.

The legal propositions which are determinative of this appeal have been passed upon by our appellate courts. The right of inheritance is subject to the power of the probate court to carve out a homestead for a limited period not to exceed a life estate (*Estate of Huelsman*, 127 Cal. 275 [59 Pac. 776] ; *Estate of Gray*, 159 Cal. 159 [112 Pac. 890]). This also is true of the court's right to make an order for family allowance, and the right to testamentary disposition as well as of inheritance is subject to both homestead and family allowance rights (*Estate of Whitney*, 171 Cal. 750 [154 Pac. 855]).

The last-named authority also decides other points that are controlling here. In fact, the two proceedings are not distinguishable in any essential element. It is there held that where the husband made testamentary disposition of the community property and a consent agreement was executed at the same time as the will, which consent waived all claim to share in the community property and any and all other claims, the waiver of "any and all other claims" is to be interpreted as relating to the particular things which preceded, namely, community property rights. Also, it is there held that under such circumstances the widow is not required to elect between taking under the will or the family allowance, since there is obviously no inconsistency between these two rights. Cases where the spouse expressly waived the homestead right are not in point. *Estate of Wyss*, 112 Cal. App. 487 [297 Pac. 100], much relied on by appellant, is one of these.

Considering the decisions to which we have above adverted and our opinion as to their application here expressed, other points raised by appellant, such as the claim of estoppel and that the findings do not cover the issues and do not support the order appealed from, do not warrant discussion.

The order is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.